[Cite as *State v. Jones*, 2020-Ohio-7002.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2020-L-056**<br>**2020-L-057**<br>**2020-L-059** |
| Richard A. Jones, II, | : | **2020-L-060** |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No.19-CR-000601, 19-CR-001196, 19-CR-001216, 19-CR-001248.

Judgment: Affirmed.

*Charles E. Coulson*, Prosecuting Attorney, and *Teri R. Daniel*, Assistant Prosecuting Attorney, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Edward M. Heindel,* 2200 Terminal Tower, 50 Public Square, Cleveland, Ohio 44113 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Richard A. Jones, II, appeals his sentence after pleading guilty to having weapons while under disability, a felony of the third degree; possession of cocaine, a felony of the fifth degree; felonious assault on a peace officer, a felony of the first degree; robbery, a felony of the second degree; escape, a felony of the third degree; and burglary, a felony of the second degree. He was

sentenced to 24 months, 6 months, 11-15.5 years, 6 years, 36 months, and 6-9 years, respectively, for an aggregate time of 28.5 to 37 years. We affirm.

{¶2} Jones raises two assignments of error:

{¶3} 1. "S.B. 201, THE REAGAN TOKES SENTENCING ACT, IS UNCONSTITUTIONAL BECAUSE IT VIOLATES THE SEPARATION OF POWERS DOCTRINE AND THE DUE PROCESS CLAUSE."

{¶4} 2. "JONES WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEYS DID NOT PROPERLY RAISE THE CONSTITUTIONALITY OF S.B. 201 IN THE TRIAL COURT."

{¶5} Under his first assignment of error Jones makes two arguments. First, Jones argues that sentencing under the Reagan Tokes Act violates the separation of powers doctrine because it in effect makes an executive agency, the Department of Rehabilitation and Correction, the "judge, prosecutor, and jury." Second, he contends that the law violates the Due Process Clauses of the Ohio and United States Constitutions because it allows prison officials, and not courts, to justify the imposition of additional time in incarceration.

{¶6} "[T]he question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). Statutes are afforded a strong presumption of constitutionality. *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633. Failure to raise an issue of constitutionality at the trial court constitutes waiver of the issue. *Awan, supra*, at paragraph one of the syllabus.

2

{¶7}   Jones did not preserve this issue for review. There was no challenge to the constitutionality of the Regan Tokes Act before the trial court.

{¶8}   At sentencing the following transpired:

{¶9}   "CONCETTA ROGAZIONE:  Your Honor, I should just say for the record, I know that the Court is aware that the Reagans Toke, Reagan Tokes Act itself is currently being appealed by several other jurisdictions. I don't know where that's going to, you know, how that's going to conclude.

{¶10}  "JUDGE LUCCI:  Neither do I. That's why I gave him indefinite time on both the 1216 and the 1248 case. If a court later determines that you can only get one –- and I'm not sure how they can do that, because - -

{¶11}  "CONCETTA ROGAZIONE:  Right.

{¶12}  "JUDGE LUCCI:   I could be sentencing at the same time Geauga is sentencing. How are they [going to] let me know, or the judge in Geauga, which one should do that indefinite time. They hadn't thought that out.

{¶13}  "CONCETTA ROGAZIONE:  I agree.

{¶14}  "JUDGE LUCCI:  So I'm giving it on both. I didn't give them on all three counts - -

{¶15}  "CONCETTA ROGAZIONE: Right.

{¶16}  "JUDGE LUCCI:  Because there are three Reagan Tokes counts. I only gave him on the two. And they can easily, if they determine I did wrong, they can easily excise three years or five and a half years. It would be three years, not the five and a half, because they would go with the lesser. They can easily excise that and do that right from the appellate bench or the Supreme Court's bench.

3

{¶17} "CONCETTA ROGAZIONE: And that's really all I wanted to do, Your Honor, was just preserve the record with respect to any Reagan Tokes issues that may come up on appeal. The Constitutionality --

{¶18} "JUDGE LUCCI: That's fine. And you should.

{¶19} "CONCETTA ROGAZIONE: The Constitutionality of the act, how those tails will be applied by DRC, any issues that may arise as a result of that act and how the sentence is impacted by it. Thank you, Your Honor.

{¶20} "JUDGE LUCCI: Alright."

{¶21} The discussion was whether Jones could be sentenced to two Reagan Tokes indefinite sentences, often referred to as tails. None of the statements made by counsel raises any constitutional challenge to the statute.

{¶22} The waiver provision in *Awan* is discretionary, and appellate courts may, but are not required to, review for plain error. *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus. Exercising our discretion, we decline to review the waived constitutional challenges.

{¶23} The first assignment of error is without merit.

{¶24} In his second assignment of error Jones argues that he was denied effective assistance of counsel because the issue of constitutionality was not preserved at trial for appellate review.

{¶25} To prevail on a claim for ineffective assistance of counsel, Jones must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability, were it not for counsel's errors, the result of the proceedings would have been different. *State v. Hope,* 2019-Ohio-2174, 137 N.E.3d 549,

4

¶ 88 (11th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶26} In Ohio, every properly licensed attorney is presumed to be competent, and therefore a defendant bears the burden to prove otherwise. *Hope, supra,* at ¶ 89, citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Prejudice is established by "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶27} Attorneys are not required to raise every possible argument to be deemed effective. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 43. "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted). *State v. Mitchell,* 2d Dist. Montgomery No. 21957, 2008-Ohio-493, ¶ 31.

{¶28} Jones calls our attention to one case from the Hamilton County Court of Common Pleas that found the Reagan Tokes Act unconstitutional. This is, however, the only case that has found the statute unconstitutional to date. *State v. Oneal*, Hamilton C.P. No. B 1903562, 2019 WL 7670061.

{¶29} The overwhelming majority of cases addressing the constitutionality of the Reagan Tokes Act find that it is either constitutional or that the constitutionality is not ripe for review.

{¶30} The 2nd and 12th Appellate Districts have both ruled on the merits and found it is constitutional. *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. The 4th, 5th, and 6th Districts have found that the challenge is not ripe for review until the defendant has been held past his minimum sentence. *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227; *State v. Manion*, 5th Dist. Tuscarawas No. AP 03 0009, 2020-Ohio-4230; *State v. Kibler*, 5th Dist. Muskingum No. CT2020-0026, 2020-Ohio-4631; *State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702; *State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319.

{¶31} Jones has not established a reasonable probability of prejudice. Counsel's failure to raise an argument at trial, which has proven unsuccessful in other districts, does not constitute ineffective assistance. Having failed to establish ineffective assistance of trial counsel, the second assignment is without merit.

The judgment of the Lake County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.