[Cite as *State v. Suder*, 2021-Ohio-465.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-06-034 |
| | | CA2020-06-035 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 2/22/2021 |
| JOSEPH L. SUDER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case Nos. 2019CR0811; 2019-CR-00871

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, Joseph L. Suder, appeals his conviction in the Clermont County Court of Common Pleas after he pled guilty to one count of trafficking in persons, two counts of rape, three counts of gross sexual imposition, and four counts of illegal use of a minor in nudity-oriented material for which he was sentenced to an indefinite, aggregate minimum term of 74 years in prison with a potential maximum term of 86 years in prison in accordance

with the newly enacted Reagan Tokes Law.  For the reasons outlined below, we affirm.

{¶ 2}  On January 29, 2020, Suder entered a knowing, intelligent, and voluntary guilty plea to the ten above-named offenses.   These charges were brought under two separate case numbers: Case No. 2019-CR-00811 and Case No. 2019-CR-00871. According to the state's recitation of facts elicited at Suder's consolidated plea hearing, the charges were based on the following:

**Case No. 19CR811**

*Count I – Gross Sexual Imposition*

Defendant, on or about January 1st, 2019, through August 1st, 2019, in Clermont County Ohio, had sexual contact with another when the other person was less than 13 years of age. Specifically, the defendant touched the penis of child, E.D., date of birth, 2/28/201[2].  And that took place at a residence in Milford, Ohio.

*Count II – Rape*

Defendant, on or about March 22nd, 2019, through August 1st, 2019, in Clermont County, Ohio, did engage in sexual conduct with minor child, E.D., date of birth, 2/28/2012, and purposely compelled to submit by force or threat of force, to that sexual conduct.  Specifically, Defendant inserted his penis into the mouth of child victim E.D.

**Case No. 19CR871**

*Count I – Rape*

Joseph L. Suder, on or about the first day of June, 2019, through the first day of August, 2019, in Clermont County, Ohio, did engage in sexual conduct with minor child, B.D., date of birth, 3/15/2011, and purposely compelled B.D. to submit to the sexual conduct by force or threat of force.  A photo collected from Defendant's phone depicts the defendant inserting his penis into the vagina of B.D.

*Count IV – Gross Sexual Imposition*

Joseph L. Suder, on or about the first day of June 2019, through the first day of August 2019, in Clermont County, Ohio did

engage in sexual contact with minor child, B.D., date of birth 3/15/2011, who was under 13 at the time of the offense. Specifically, Defendant put his penis on or near B.D.'s vagina. This occurred separately from the incident of inserting his penis into her vagina.

*Count V – Gross Sexual Imposition*

Joseph L. Suder, on or about the first day of June 2019, through the first day of August 2019, in Clermont County, Ohio, did engage in sexual contact with minor child, B.D., again, under the age of 13 at the time of the offense. Specifically, Defendant used his hands to touch and manipulate B.D.'s vagina. And again, Your Honor, this occurred separately from the incident of inserting his penis into her vagina and from the incident of gross sexual imposition of putting the penis on or near her vagina.

*Counts VII, VIII, IX, and X – Illegal Use of a Minor in Nudity-Oriented Material*

Defendant, Joseph L. Suder, on or about the first day of June 2019, through the first day of August 2019, in Clermont County, Ohio, did photograph a minor, was not the person's child, or a ward of the State, in the state of nudity or create, direct, produce, or transfer any material or performance that shows the minor in the state of nudity. Specifically, multiple photos depicting minor children in various states of nudity were collected from Defendant's electronic devices.

{¶ 3} Describing those photographs further, the state noted the following as it relates to each of the four photographs leading to those four charges:

(1) Count VII is a photo of minor child, B.D., showing Defendant's penis on B.D.'s vaginal area, taken in her bedroom. Defendant identified B.D. in the picture.

(2) Count VIII is a photo of B.D.'s vaginal area with Defendant spreading B.D.'s vaginal opening with his hands. Defendant admitted, and also identified minor child, B.D.

(3) Count IX is a photo of minor children, V.S. and E.D., together, both of whom are posing nude. Defendant identified V.S. and E.D. and admitted that he took the photo.

(4) Count X is a photo of E.D., minor child, in a state of nudity. Defendant identified E.D. and admitted that he took the photo.

{¶ 4} After describing the contents of each of these four photographs, the state then

noted that "[e]ach of those photos in Counts VII through X were photos taken at separate and distinct times, Your Honor."

*Count L – Trafficking in Persons*

Joseph L. Suder, on our about the first day of June 2019, through the first day August 2019, in Clermont County, Ohio, knowingly recruited, isolated, lured, or harbored minor children E.D., date of birth, 2/28/2012; B.D. – a minor child B.D., date of birth, 3/15/2011; and minor child, V.S., date of birth, 8/6/2013, two of whom were not his biological children, and photographed them in lewd, sexually oriented, and obscene positions, all of which depicted the children in various states of nudity.

{¶ 5} The state then continued and stated:

Some of the photos depict a minor child and Joseph Suder engaging in sex acts. Some show the children completely nude. And others show the children nude in positions posing together. Defendant, himself, * * * directed and produced an abundance of the material that shows the minor in these positions. He also – excuse me – also transferred that material through an online app. Defendant admitted that he took these explicit photos and that he traded them to others, specifically, a [W.B.].

{¶ 6} Following the state's recitation of facts, the trial court addressed Suder and asked him whether he had "any disagreements with anything that the Prosecutor has stated?" Suder responded, "No, Your Honor." The trial court then asked Suder if the allegations contained within the state's recitation of facts were true. Suder responded, "Yes, Your Honor."

{¶ 7} On February 14, 2020, Suder filed a motion for merger. In his motion, Suder argued that the single count of trafficking in persons was an allied offense of similar import subject to merger with any one of the four counts of illegal use of a minor in nudity-oriented material to which he pled guilty. That same day, Suder also filed a motion requesting the trial court declare and strike as unconstitutional the indefinite sentencing provisions set forth in the newly enacted Reagan Tokes Law. The trial court overruled both of Suder's motions

and thereafter sentenced Suder to an indefinite, aggregate minimum term of 74 years in prison with a potential maximum term of 86 years in prison.

{¶ 8} In reaching its decision overruling Suder's motion for merger, the trial court stated the following:

> In this situation, the children were lured or harbored and Mr. Suder knew that he was going to compel them in the future [to engage in a performance that is obscene, sexually oriented, or nudity oriented, or be a model or participant in the production of material that is obscene, sexually oriented, or nudity oriented. It may have been shortly after he was able to succeed in his luring or harboring of these children. But nevertheless, it was in the future. And once he lured them – once he harbored them, it's no defense that he said, well, I didn't do it. I quit. He's not being charged with the underlying offenses of nudity oriented or that, but the offense [of trafficking in persons] is completed. And I believe that once he has them in his grasp, so to speak as I've explained, that [the offense of trafficking in persons] is completed. And what flows after that is a separate offense [of illegal use of a minor in nudity-oriented material].

{¶ 9} Continuing, the trial court stated:

> And when you think about this – kind of still frame by still frame, as I like to say. He lures these children in, harbors these children – they're fully clothed. No question. They're fully clothed. He gets them from someone – the spouse – his ex-spouse or whomever – and they're placed in his car. He takes them home. And he knows what he's going to do, because that's what he did. He knows that once he has them in [his] grasp, I'm going to do this. Then, he has totally separate animus of stripping them – of taking their clothes off. I mean, that's – they're totally separate offenses. And consequently, I'll deny your motion for merger at this point.

{¶ 10} Suder now appeals his conviction, raising two assignments of error for review.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED IN FINDING THAT TRAFFICKING IN PERSONS AND ILLEGAL USE OF A MINOR IN NUDITY-ORIENTED MATERIAL WERE NOT ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 13} In his first assignment of error, Suder argues the trial court erred by finding the single count of trafficking in persons was not an allied offense of similar import subject to merger with any one of the four counts of illegal use of a minor in nudity-oriented material to which Suder pled guilty. We disagree.

{¶ 14} Pursuant to R.C. 2941.25, Ohio's allied-offenses statute, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Conrad*, 12th Dist. Butler No. CA2018-01-016, 2018-Ohio-5291, ¶ 43. However, the defendant may be convicted and sentenced for multiple offenses if: "'(1) the offenses are dissimilar in import or significance – in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.'" *State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103, ¶ 14, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 25. "'An affirmative answer to any of the above will permit separate convictions.'" *State v. Robinson*, 12th Dist. Butler No. CA2014-12-256, 2015-Ohio-4649, ¶ 40, quoting *Ruff* at ¶ 31. "'The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import.'" *State v. Slamka*, 12th Dist. Butler No. CA2018-10-200, 2019-Ohio-3317, ¶ 29, quoting *Ruff* at ¶ 26.

{¶ 15} Suder pled guilty to one count of trafficking in persons. This single charge was in violation of R.C. 2905.32(A)(1). Pursuant to that statute:

> (A) No person shall knowingly recruit, lure, entice, isolate, harbor, transport, provide, obtain, or maintain, or knowingly attempt to recruit, lure, entice, isolate, harbor, transport, provide, obtain, or maintain, another person if * * *:
>
> > (1) The offender knows that the other person will be * * * compelled to * * * engage in a performance that is obscene, sexually oriented, or nudity oriented, or be a model or participant in the production of material that is obscene, sexually oriented, or nudity oriented.

- 6 -

{¶ 16} Suder also pled guilty to four counts of illegal use of a minor in nudity-oriented material. These four charges were in violation of R.C. 2907.323(A)(1). Pursuant to that statute:

> (A) No person shall * * *:
>
> > (1) Photograph any minor or impaired person who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor or impaired person in a state of nudity * * *.

{¶ 17} Suder argues the trial court erred by finding the single count of trafficking in persons was not an allied offense of similar import subject to merger with any one of the four counts of illegal use of a minor in nudity-oriented material. This is because, according to Suder, (1) there was no separate and identifiable harm caused to the victims; (2) "the two 'conducts' – luring and taking (photographs) – did not occur separately;" and (3) the animus, or immediate motive, was "identical" for each offense, i.e., to acquire nude photographs of the child victims.

{¶ 18} However, as the trial court correctly noted when denying Suder's motion for merger, "if one offense is completed before the other begins, then 'the offenses are considered separately for sentencing purposes even though the two offenses may have been committed in close proximity in time.'" *State v. Clowers*, 12th Dist. Clermont No. CA2019-01-009, 2019-Ohio-4629, ¶ 30, quoting *State v. Fields*, 12th Dist. Clermont No. CA2014-03-025, 2015-Ohio-1345, ¶ 18; *State v. Lane*, 12th Dist. Butler No. CA2013-05-074, 2014-Ohio-562, ¶ 16 ("[b]ecause one offense was completed before the other offense occurred, [the] two offenses were committed separately for purposes of R.C. 2941.25[B] notwithstanding their proximity in time and that one was committed in order to commit the other"). Such is the case here.

{¶ 19} Based on the plain language found in R.C. 2905.32(A)(1), the crime of trafficking in persons is complete as soon as the defendant knowingly recruits, lures, entices, isolates, harbors, transports, provides, obtains, or maintains another person knowing that other person *will be* compelled to engage in a performance that is obscene, sexually oriented, or nudity oriented, or be a model or participant in the production of material that is obscene, sexually oriented, or nudity oriented. Suder pled guilty to knowingly recruiting, isolating, luring, or harboring B.D., E.D., and V.S., knowing that the child victims *would be* photographed in lewd, sexually oriented, and obscene positions, all of which depicted them in various states of nudity. Therefore, given the plain language of the trafficking in persons statute, such conduct clearly constitutes a violation of R.C. 2905.32(A)(1).

{¶ 20} After knowingly recruiting, isolating, luring, or harboring B.D., E.D., and V.S., knowing that the child victims *would be* photographed in lewd, sexually oriented, and obscene positions, all of which depicted them in various states of nudity, Suder then did, in fact, photograph B.D., E.D., and V.S., two of whom were not Suder's biological children, in a state of nudity, or created, directed, produced, or transferred any material or performance that showed B.D., E.D., and V.S., in a state of nudity. This includes (1) a photograph of B.D. showing Suder's penis on B.D.'s vaginal area; (2) a photograph of B.D.'s vaginal area with Suder spreading B.D.'s vaginal opening with his hands; (3) a photograph of V.S. and E.D., together, both of whom are posing nude; and (4) a photograph of E.D. in a state of nudity. This conduct is clearly prohibited by the language set forth in R.C. 2907.323(A)(1), a statute that prohibits the illegal use of a minor in nudity-oriented material.

{¶ 21} The single trafficking in persons offense is not allied offense of similar import subject to merger with any of the four illegal use of a minor in nudity-oriented material

offenses. This is because, as noted above, the conduct giving rise to the single trafficking in persons offense was completed *prior to* the conduct underlying any of the four illegal use of a minor in nudity-oriented material offenses began. This results in separate conduct for separate offenses. *See, e.g., State v. Back*, 12th Dist. Butler Nos. CA2015-03-037 and CA2015-03-038, 2015-Ohio-4447, ¶ 12 (burglary and theft of a firearm were not allied offenses of similar import because the burglary offense was completed once the offender was inside the garage, with the requisite intent, whereas the theft offense did not occur until later, when the offender physically removed the firearm from the garage). Therefore, because the offenses occurred separately, one before the others, the trial court did not err by finding the single count of trafficking in persons was not an allied offense of similar import subject to merger with any one of the four counts of illegal use of a minor in nudity-oriented material. Accordingly, finding no error in the trial court's decision to deny Suder's motion for merger, Suder's first assignment of error lacks merit and is overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT ERRED IN FINDING THE PROVISIONS OF S.B. 201 (THE REAGAN TOKES ACT) CONSTITUTIONAL.[1]

{¶ 24} In his second assignment of error, Suder argues the trial court erred by finding the indefinite sentencing scheme set forth in the Reagan Tokes Law was constitutional in that it did not violate his right to due process or the separation-of-powers doctrine. This court, however, has already determined that the Reagan Tokes Law does not violate an

---

1. Unlike the appellant in *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, who did not raise any constitutional challenge to the Reagan Tokes Law either before or after the trial court issued its sentencing decision, because we found the appellant in *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, preserved his challenge to the constitutionality of the Reagan Tokes Law by making a general, oral objection after the trial court imposed its sentence, Suder challenging the constitutionality of the Reagan Tokes Law via a written motion filed with the trial court prior to sentencing was sufficient to preserve this issue for appeal.

offender's due process rights. *See State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 17 (the Reagan Tokes Law "does not run afoul of an offender's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution").

{¶ 25} This court also finds the Reagan Tokes law does not violate the separation-of-powers doctrine. As originally stated by the Second District Court of Appeals in *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, the Reagan Tokes Law is consistent with established Ohio Supreme Court authority, which has held that "when the power to sanction is delegated to the executive branch, a separation-of-powers problem is avoided if the sanction is originally imposed by a court and included in its sentence." *Id.* at ¶ 23, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, ¶ 18-20, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 19, citing *Woods v. Telb*, 89 Ohio St.3d 504, 2000-Ohio 171 (holding that the postrelease control statute did not violate the separation-of-powers doctrine).

{¶ 26} The Second District has reiterated this holding several times. *See State v. Barnes*, 2nd Dist. Montgomery No. 28613, 2020-Ohio-4150, ¶ 36 (Reagan Tokes Law does not violate the separation-of-powers doctrine); *State v. Leet*, 2nd Dist. Montgomery No. 28670, 2020-Ohio-4592, ¶ 15 (Reagan Tokes Law does not violate the separation-of-powers doctrine); and *State v. Sinkhorn*, 2d Dist. Clark No. 2019-CA-79, 2020-Ohio-5359, ¶ 35 (Reagan Tokes Law does not violate the separation-of-powers doctrine). The Third District Court of Appeals has followed the Second District and held the same. *See State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22 (appellant failed to meet his burden in demonstrating that the Reagan Tokes Law violates the doctrine of separation of powers); *State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, ¶ 7 (Reagan

Tokes Law is constitutional in that it does not violate the separation-of-powers doctrine).

{¶ 27} In reaching this decision, we note that Suder has requested this court to follow the Hamilton County Court of Common Pleas' decision in *State v. Oneal*, Hamilton C.P. No. B 1903562 (Nov. 20, 2019), the only known case that has found the Reagan Tokes Law unconstitutional. The reasoning set forth in that decision, however, has been roundly rejected by every court that has had the opportunity to address it. *See, e.g.,Ferguson*, 2020-Ohio-4153 at ¶ 26; *Barnes*, 2020-Ohio-4150 at ¶ 32-36; *Leet*, 2020-Ohio-4592, ¶ 11-15; and *Hacker*, 2020-Ohio-5048 at ¶ 18-22. We join those courts and similarly reject the reasoning set forth in *Oneal* finding the Reagan Tokes Law unconstitutional. Simply stated, the Reagan Tokes Law does not violate an offender's due process rights or the separation-of-powers doctrine. Therefore, finding no merit to any of the arguments advanced by Suder herein, Suder's second assignment of error lacks merit and is overruled.

{¶ 28} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.