[Cite as *State v. Hodgkin*, 2021-Ohio-1353.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2020-08-048 |
| Appellee, | : | O P I N I O N<br>4/19/2021 |
| | : | |
| - vs - | : | |
| | : | |
| PHILLIP HODGKIN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CR36406

David P. Fornshell, Warren County Prosecutor, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Anzelmo Law, James A. Anzelmo, 446 Howland Drive, Gahanna, Ohio 43230, for appellant

**M. POWELL, J.**

{¶ 1} Appellant, Phillip Hodgkin, appeals his indefinite prison sentence in the Warren County Court of Common Pleas for robbery.

{¶ 2} Appellant was indicted in February 2020 for aggravated robbery and theft from a person in a protected class, both with an accompanying firearm specification, and having

weapons while under disability. During a plea hearing on June 11, 2020, the trial court conducted a Crim.R. 11 colloquy and advised appellant that the minimum sentence was a two-year prison term and the maximum prison term was 8 to 12 years. The trial court stated, "And I think I explained earlier about that eight to twelve, how that works." Appellant replied, "Reagan Tokes or something like that. Yeah, I understand that."

{¶ 3} The trial court further advised appellant,

> There's a presumption of release at the end of your minimum term which is not determined at this point. But whatever the minimum term is, the maximum would be no more than twelve. * * * There is a presumption that you will be released at the end of the minimum term. And that presumption can be overcome by the Department of Corrections if they can show that you have not behaved yourself appropriately[.] * * * But it's that you haven't complied with what you need to do as far as rehabilitation in prison. * * * [T]he Department of Corrections may reduce his minimum prison sentence between five percent and 15 percent for exceptional conduct. * * * That means * * * if you have very good conduct, then they can drop your sentence by as much as 15 percent. Drop the amount of time you serve. There's no guarantee that a request will be granted, but they can do that. If they recommend early release, then there's a rebuttable presumption for the Court to grant that request.

{¶ 4} The trial court then inquired, "Did you discuss the minimum versus maximum term and do you feel you understand that?" Appellant replied affirmatively. Appellant then pled guilty to an amended charge of robbery, a felony of the second degree, and theft from a person in a protected class in exchange for the state dismissing the weapons while under disability charge and the two firearm specifications. The trial court accepted appellant's plea and found him guilty. On July 29, 2020, the trial court merged the offenses and the state elected to proceed on the robbery offense. The trial court then sentenced appellant to an indefinite prison term of six to nine years.

{¶ 5} Appellant now appeals, raising three assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

{¶ 8} Appellant challenges the constitutionality of Ohio's indefinite sentencing structure under the Reagan Tokes Law as set forth in R.C. 2967.271. The Reagan Tokes Law became effective on March 22, 2019. Appellant committed the offenses in the case in August 2019; thus, the Reagan Tokes Law applies to his second-degree felony robbery.

{¶ 9} Under the Reagan Tokes Law, qualifying first- and second-degree felonies committed on or after March 22, 2019, are now subject to the imposition of indefinite sentences. The indefinite terms consist of a minimum term selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A) and a maximum term determined by a statutory formula set forth in R.C. 2929.144. The maximum term equals the minimum term imposed on the offender plus 50 percent of that term.

{¶ 10} An offender sentenced under the Reagan Tokes Law has a rebuttable presumption of release at the conclusion of the offender's minimum term. R.C. 2967.271(B). However, the Ohio Department of Rehabilitation and Correction ("ODRC") may rebut that presumption of release upon completion of the minimum term if it finds, at a hearing, that any of the factors set forth in R.C. 2967.271(C)(1), (2), and (3) apply. If the ODRC rebuts the presumption, it may keep the offender in prison for an additional "reasonable period," but the additional time "shall not exceed the offender's maximum prison term." R.C. 2967.271(C).

{¶ 11} As stated above, appellant argues that R.C. 2967.271 is unconstitutional.[1]

---

1. Appellant asserts that the constitutionality of the Reagan Tokes Law is ripe for review. By contrast, the state argues that appellant's constitutional challenges are not ripe for review because appellant has not yet served his minimum sentence, and thus, the ODRC has not yet denied him release at the expiration of his minimum term of incarceration. We find that by previously upholding R.C. 2967.271 as constitutional, we

However, the record shows that appellant never raised this issue with the trial court. It is well established that the question of the constitutionality of a statute must be raised at the first opportunity and, in a criminal prosecution, this means in the trial court. *State v. Buttery*, Slip Opinion No. 2020-Ohio-2998, ¶ 7. Consequently, by not first raising the issue with the trial court, appellant's arguments challenging the constitutionality of R.C. 2967.271 are forfeited and will not be heard for the first time on appeal. *State v. Teasley*, 12th Dist. Butler No. CA2020-01-001, 2020-Ohio-4626, ¶ 9; *State v. Young*, 8th Dist. Cuyahoga No. 108868, 2020-Ohio-4135, ¶ 21 (declining to address whether indefinite sentencing is a violation of separation of powers where defendant raised the issue for the first time on appeal rather than in the trial court); and *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8-9 (appellant's failure to challenge the constitutionality of the Reagan Tokes Law forfeited the right to challenge its constitutionality on appeal).

{¶ 12} Appellant's first assignment of error is overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} PHILLIP HODGKIN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

---

have implicitly determined that a defendant's constitutional challenge to the Reagan Tokes Law is ripe for review. *See State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465. Likewise, the Second and Third Appellate Districts have implicitly determined that a defendant's constitutional challenge to the Reagan Tokes Law is ripe for review by upholding the statute as constitutional without addressing the ripeness issue. *See, e.g., State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888. *See also State v. Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578 (finding the defendant's constitutional challenges ripe for review). By contrast, the Fourth, Fifth, and Sixth Appellate Districts have expressly held that a defendant's constitutional challenge to the Reagan Tokes Law is not ripe for review. *See, e.g., State v. Halfhill*, 4th Dist. Meigs No. 20CA7, 2021-Ohio-177; *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501; and *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855. We note that based on these conflicting decisions, the Sixth Appellate District sua sponte certified a conflict to the Ohio Supreme Court for a review and determination on the issue of whether the sentencing provisions under the Reagan Tokes Law are ripe for review on direct appeal. On December 28, 2020, the supreme court accepted a case to determine whether the constitutionality of the Reagan Tokes Law is ripe for review. *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913.

{¶ 15} Appellant argues his trial counsel was ineffective because he failed to challenge the constitutionality of the Reagan Tokes Law.

{¶ 16} To prevail on his ineffective assistance of counsel claim, appellant must establish (1) deficient performance by trial counsel, that is, performance falling below an objective standard of reasonable representation, and (2) prejudice, that is, a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. *State v. Taylor*, 12th Dist. Fayette No. CA2018-11-021, 2019-Ohio-3437, ¶ 16, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052 (1984); and *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62. The failure to demonstrate either prong is fatal to an ineffective assistance of counsel claim. *State v. Kaufhold*, 12th Dist. Butler No. CA2019-09-148, 2020-Ohio-3835, ¶ 54.

{¶ 17} We find that trial counsel was not ineffective for failing to challenge the constitutionality of the Reagan Tokes Law. It is well established that statutes are presumed constitutional. *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, ¶ 17; *State v. Cook*, 83 Ohio St.3d 404, 409, 1998-Ohio-291. The Reagan Tokes Law has been found either constitutional by appellate courts or not yet ripe for review. Specifically, this court has found that the Reagan Tokes Law does not violate an offender's right to due process or the separation-of-powers doctrine. *See State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465; *State v. Jackson*, 12th Dist. Butler No. CA2020-07-077, 2021-Ohio-778; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. Likewise, the Second, Third, and Eighth Appellate Districts have held that the Reagan Tokes Law does not violate an offender's due process rights or the separation-of-powers doctrine. *See, e.g., State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Simmons*, 8th Dist. Cuyahoga No. 109476, 2021-Ohio-939; and *State v. Wilburn*, 8th Dist. Cuyahoga No.

109507, 2021-Ohio-578 ¶153.[2]

{¶ 18} In light of the foregoing, we find that appellant has not satisfied either the performance or prejudice prongs of *Strickland*. Trial counsel's failure to raise the constitutionality of the Reagan Tokes Law, an argument which has proven unsuccessful in this and other districts, does not constitute ineffective assistance. *State v. Ferguson*, 11th Dist. Lake No. 2020-L-031, 2020-Ohio-5578, ¶ 32-33; *State v. Jones*, 11th Dist. Lake Nos. 2020-L-056, 2020-L-057, 2020-L-059, and 2020-L-060, 2020-Ohio-7002, ¶ 31.

{¶ 19} Appellant's second assignment of error is overruled.

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT SENTENCED HODGKIN TO AN INDEFINITE PRISON TERM IN CONTRAVENTION OF THE SENTENCING STATUTES, IN VIOLATION OF HODGKIN'S RIGHTS TO DUE PROCESS.

{¶ 22} Appellant argues that the trial court failed to comply with R.C. 2929.19(B)(2)(c) in imposing the indefinite prison term of six to nine years because the court did not provide the required statutory notifications at appellant's sentencing hearing.

{¶ 23} "The language of R.C. 2929.19(B)(2)(c) became effective March 22, 2019, and to date its application has not received close scrutiny." *State v. Wolfe*, 5th Dist. Licking

---

2. In appellant's brief, trial counsel's alleged ineffective assistance also includes his failure to argue that the Reagan Tokes Law violates an offender's constitutional rights to trial by jury and equal protection. Neither this court nor other appellate courts have addressed these issues. We note that Judge Gwin of the Fifth Appellate District has rejected the argument that the Reagan Tokes Law violates the right to a jury trial in an aopinion concurring in part and dissenting in part in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, ¶ 61-62. As for the equal protection argument, the fact that prisoners do not receive the full panoply of rights afforded those accused of crimes is not an equal protection violation. *See State ex rel. Bray v. Russell*, 12th Dist. Warren No. CA98-06-068, 1998 Ohio App. LEXIS 5377 (Nov. 9, 1998). There is a fundamental difference between normal society and prison society. *Id.* Rules designed to govern those functioning in a free society cannot automatically be applied to the very different situation presented in a prison. Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply. *Id.* Furthermore, an equal protection claim arises only when similarly situated individuals are treated differently. In other words, laws are to operate equally upon persons who are identified in the same class. It is axiomatic that the entire Ohio penal system is based upon classifying and treating each felony degree differently.

No. 2020CA00021, 2020-Ohio-5501, ¶ 34.  R.C. 2929.19(B)(2)(c) provides that "if the sentencing court determines *at the sentencing hearing* that a prison term is necessary or required, *the court shall do all of the following*:

(c) If the prison term is a non-life felony indefinite prison term, *notify the offender of all of the following*":

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

(Emphasis added.)

{¶ 24}  By indicating that the sentencing court "shall do all of the following" and "notify the offender of all of the following," the legislature clearly placed a mandatory duty upon the

trial court rather than granting it discretion. Thus, when sentencing an offender to a non-life felony indefinite prison term under the Reagan Tokes Law, a trial court must advise the offender of the five notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing to fulfill the requirements of the statute. *Wolfe*, 2020-Ohio-5501 at ¶ 36. As stated above, the trial court failed to inform appellant of the mandatory notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing, and thus, failed to comply with the statute.[3] *Id.* at ¶ 37; *State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 45-46.

{¶ 25} Accordingly, appellant's sentence must be reversed and this matter is remanded for the sole purpose of resentencing appellant in accordance with the requirements set forth in R.C. 2929.19(B)(2)(c). However, we emphasize that our reversal and remand are only for the purpose of complying with the foregoing statute and in no way affects the validity of the underlying conviction or any other aspect of the sentence imposed by the trial court. In other words, appellant is not entitled to be sentenced anew and the matter is remanded to the trial court for the sole and limited purpose of providing the mandatory notifications of R.C. 2929.19(B)(2)(c).

{¶ 26} Appellant's third assignment of error is sustained.

{¶ 27} Judgment affirmed in part, reversed in part, and remanded for the sole purpose of resentencing so that appellant's sentence complies with R.C. 2929.19(B)(2)(c).

PIPER, P.J., and HENDRICKSON, J., concur.

---

3. The state asserts that the trial court's July 31, 2020 judgment entry of sentence "contained each of the notifications. [Furthermore], [t]he trial court also thoroughly explained those aspects of Hodgkin's indefinite sentence at his plea hearing." While the trial court, in its own words, provided all of the R.C. 2929.19(B)(2)(c) notifications in the sentencing judgment entry, such was not the case at the plea hearing. In any event, it is immaterial. The trial court is required to advise an offender of the 2929.19(B)(2)(c) notifications *at the sentencing hearing* and in this case failed to advise appellant of the requisite statutory notifications at his sentencing hearing.