[Cite as *State v. Householder*, 2022-Ohio-1542.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. CT2021-0026 |
| MICHAEL HOUSEHOLDER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:  Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2021-0057

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  May 6, 2022

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RON WELCH                                JAMES A. ANZELMO
Prosecuting Attorney                     446 Howland Drive
Muskingum County, Ohio                   Gahanna, Ohio 43230

JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43702

*Hoffman, J.*

**{¶1}** Defendant-appellant Michael A. Householder appeals the judgment entered by the Muskingum County Common Pleas Court convicting him following his pleas of guilty to trafficking in drugs with a juvenile specification (R.C. 2925.03(A)(2)), possession of drugs (R.C. 2925.11(A)), endangering children (R.C. 2919.22(A)), possession of drug abuse instruments (R.C. 2925.12(A)) and possession of criminal tools (R.C. 2923.24(A)) and sentencing him to an aggregate term of incarceration of three to four and one-half years.  Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

**{¶2}** Appellant was indicted by the Muskingum County Grand Jury for trafficking in drugs with a specification the offense occurred in the vicinity of a juvenile, possession of drugs, endangering children, possession of drug abuse instruments, and possession of criminal tools.  The drug involved in the offenses was methamphetamine.   Appellant pled guilty in the Muskingum County Common Pleas Court to all charges, and the case proceeded to sentencing.

**{¶3}** Appellant was sentenced pursuant to the Reagan Tokes Act for trafficking in drugs, a second degree felony, to three to four and one-half years incarceration.  The trial court sentenced him to twenty-four months incarceration for possession of drugs, six months incarceration for endangering children, 90 days incarceration for possession of drug abuse instruments, and twelve months incarceration for possession of criminal tools, with all sentences to run concurrently.  The trial court found Appellant's motion to waive the mandatory fines in this case to be not well taken, and overruled the motion.

---

[1] A rendition of the facts is not necessary to our resolution of the issues raised on appeal.

**{¶4}** It is from the April 28, 2021 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

II. THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING HOUSEHOLDER TO PAY A FINE, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

III. HOUSEHOLDER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

I.

**{¶5}** In his first assignment of error, Appellant challenges the presumptive release feature of R.C. 2967.271, arguing it violates his constitutional rights to trial by jury, equal protection and due process of law, and further violates the constitutional requirement of separation of powers.

**{¶6}** For the reasons stated in the dissenting opinion of The Honorable W. Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in *Wolfe* as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, Sixth, and Twelfth Districts, and also by the Eighth District sitting en banc. *See, e.g., State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Further, we reject Appellant's claim the Reagan Tokes Act violates equal protection for the reasons stated in *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353.

**{¶7}** The first assignment of error is overruled.

II.

**{¶8}** In his second assignment of error, Appellant argues the trial court erred in overruling his motion to waive the mandatory fine in the instant case.

**{¶9}** We review a decision to impose a financial sanction for an abuse of discretion. *State v. Ludwig,* 5th Dist. Muskingum No. CT2020-0008, 2021-Ohio-383, ¶ 22 citing State v. Gipson, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998). To find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or

unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶10} R.C. 2929.18(B)(1) establishes a procedure for avoiding imposition of mandatory fines applicable to certain felony drug offenses:

> If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶11} This Court addressed a trial court's duties when imposing a financial sanction in *State v. Perry*, 5th Dist. Stark No. 2004-CA-00066, 2005-Ohio-85:

> "[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record." *State v. Martin*, 140 Ohio App.3d 326, 338, 747 N.E.2d 318, 2000-Ohio-1942. Although a court may hold a hearing under R.C. 2929.18(E) "to determine whether the offender is able to pay the [financial] sanction or is likely in the future to be able to pay it" a court is not required to do so. *State v. Stevens* (Sept. 21, 1998), 12th Dist. No. CA98-01-001, unreported ("although the trial court must consider the offender's ability to pay, it need not hold a separate hearing on that issue". "All that R.C. 2929.19(B)(6)

requires is that the trial court consider the offender's present and future ability to pay." *State v. Dunaway*, 12th Dist. No. CA2001-12-280, 2003-Ohio-1062, at 36; *Martin*, 140 Ohio App.3d at 33, 746 N.E.2d 642 (Emphasis added).

**{¶12}** *Perry* at ¶ 27.

**{¶13}** The statute places the burden "upon the offender to affirmatively demonstrate that he or she is indigent and is unable to pay the mandatory fine." *State v. Gipson*, 80 Ohio St.3d 626, 635, 687 N.E.2d 750 (1998). Additionally, a trial court need not affirmatively find that an offender is able to pay. *Id.* Instead, the fine is mandatory unless the offender establishes current indigence and an inability to pay. *Id.*

**{¶14}** The trial court denied the motion to waive the mandatory fine, finding this was a drug trafficking offense, Appellant was selling methamphetamine, and the trial court recognized drug traffickers have money. Sent. Tr. 11. In *State v. Bice*, 5th Dist. Muskingum No. CT2021-0022, 2022-Ohio-122, this Court affirmed a trial court's decision overruling a motion to waive the mandatory fine where the trial court similarly noted the defendant was making money through the trafficking of drugs, and had presented no evidence of indigence other than a financial disclosure form. In the instant case, Appellant similarly made no demonstration of inability to pay other than his financial disclosure form, and the indictment included forfeiture specifications of cash seized at the time of the crime. Further, Appellant conceded he was trafficking in drugs to make money. Sent. Tr. 6. We find the trial court did not abuse its discretion in overruling Appellant's motion to waive the mandatory fine.

**{¶15}** The second assignment of error is overruled.

III.

**{¶16}** In his third assignment of error, Appellant argues his trial counsel was ineffective by failing to raise the constitutionality of R.C. 2967.271 in the trial court.

**{¶17}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

**{¶18}** Because we have found R.C. 2967.271 to be constitutional, Appellant has not demonstrated prejudice from counsel's failure to raise the claim in the trial court.

**{¶19}** The third assignment of error is overruled.

**{¶20}** The judgment of the Muskingum County Common Pleas Court is affirmed.


By: Hoffman, J.

Wise, Earle, P.J.  and

Gwin, J. concur