[Cite as *State v. Gillis*, 2022-Ohio-1729.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DERNEE T.D. GILLIS | : | Case No. CT2021-30 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. CR2020-0618




JUDGMENT:                       Affirmed




DATE OF JUDGMENT:               May 23, 2022




APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

TAYLOR P. BENNINGTON                    CHRIS BRIGDON
27 North Fifth Street                   8138 Somerset Road
P.O. Box 189                            Thornville, OH 43076
Zanesville, OH  43701

*Wise, Earle, P.J.*

{¶ 1}   Defendant-appellant Dernee T.D. Gillis appeals the April 22, 2021 judgment of the Muskingum County Court of Common Pleas sentencing him to an aggregate total of 11 to 15 years incarceration following his pleas to drug-related offenses. Plaintiff-appellee is the state of Ohio.

Facts and Procedural History

{¶ 2}   According to the plea transcript in this matter, in November 2020, the Central Ohio Drug Enforcement Task Force (CODE Task Force) began an investigation involving Appellant Gillis. Three separate controlled buys were conducted wherein Appellant sold a confidential informant varying amounts of Fentanyl. A small child was present during the buys.

{¶ 3}   On November 19, 2020, CODE Task Force executed a search warrant at Appellant's home. On the kitchen counter of the home, detectives found a safe standing open with digital scales stained with white residue and a sandwich baggie of white powder sitting in front of the safe. The powder was later tested and found to be Fentanyl. The weight of the Fentanyl exceeded 10 grams but was less than 20 grams.

{¶ 4}   In connection with these events, On March 29, 2021, Appellant pled guilty to one count of trafficking in Fentanyl, with a juvenile specification, a felony of the third degree, permitting drug abuse, a felony of the fifth degree, possession of Fentanyl, a felony of the second degree, possession of criminal tools, a felony of the fifth degree, engaging in a pattern of corrupt activity, a felony of the first degree, and trafficking in Fentanyl, a felony of the fourth degree.

{¶ 5}  On April 26, 2021, following completion of a presentence investigation, appellant was sentenced to an aggregate prison term of 11 to 15 years.

{¶ 6}  Appellant filed an appeal and the matter is now before this court for consideration. He raises three assignments of error as follow:

I

{¶ 7}  "AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO."

II

{¶ 8}  "DERNEE T. GILLIS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

III

{¶ 9}  "THE TRIAL COURT UNLAWFULLY ORDERED GILLIS TO SERVE CONSECUTIVE SENTENCES FOR HIS OFFENSES IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

I

{¶ 10} In his first assignment of error, appellant challenges the constitutionality of the Reagan Tokes Act, codified as R.C. 2967.271. Specifically, appellant argues it violates his constitutional rights to trial by jury, equal protection and due process of law,

and further violates the constitutional requirement of separation of powers by permitting the Ohio Department of Rehabilitation and Corrections to potentially add additional time to appellant's sentence based upon his behavior in the institution.[1] We disagree.

{¶ 11} Recently, in *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, we set forth this Court's position on Appellant's arguments:

> For the reasons stated in the dissenting opinion of The Honorable W. Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in Wolfe as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, Sixth, and Twelfth Districts, and also by the Eighth District sitting en banc. See, e.g., *State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Further, we reject Appellant's claim the Reagan Tokes Act

---

[1] Appellant also argues this matter is ripe for review. We agree. The Ohio Supreme Court recently found a challenge to the constitutionality of the Reagan Tokes Act was ripe for review on the defendant's direct appeal of his or her conviction and prison sentence. See *State v. Maddox*, —— N.E.3d ——, 2022-Ohio-764.

violates equal protection for the reasons stated in *State v. Hodgkin*,

12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353.

{¶ 12} Based on the forgoing authority, appellant's first assignment of error is overruled.

II

{¶ 13} Appellant next argues his trial counsel rendered ineffective assistance by failing to challenge the constitutionality of R.C. 2967.271. We disagree.

{¶ 14} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 15} Because we have found R.C. 2967.271 is constitutional, Appellant cannot demonstrate prejudice from counsel's failure to raise the claim in the trial court.

{¶ 16} The second assignment of error is overruled.

III

{¶ 17} In his final assignment of error, Appellant argues we must vacate his consecutive sentences because the trial court sentenced him in contravention of sentencing statutes. We disagree.

{¶ 18} R.C. 2929.14(C)(4) states:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part

of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 19} When imposing consecutive sentences, a trial court must state the required findings at the sentencing hearing. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. Because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. *Id.* However, a word-for-word recitation of the language of the statute is not required. *Id.* As long as the reviewing court can discern the trial court engaged in the correct analysis and can determine the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

{¶ 20} Appellant concedes the trial court make the proper findings. Appellant argues, however, that his consecutive sentences are contrary to law because consecutive sentences are reserved for the most serious offenses and offenders and this case represents neither. We disagree.

{¶ 21} The trial court considered the presentence investigation report, Appellant's prior record which includes seven prior felony offenses, most drug and theft related, 13 prior misdemeanor offenses, the fact that he had just been released from prison the year before, and his deplorable behavior in the county jail while awaiting sentencing in this matter. Transcript of sentencing 10-12. The trial court's sentencing on the charges complies with all applicable rules and sentencing statutes. Therefore, the sentence is not

clearly and convincingly contrary to law. As such, we find the trial court did not err in imposing consecutive sentences upon Appellant.

{¶ 22} The final assignment of error is overruled.

{¶ 23} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Wise, Earle, P.J.

Delaney, J. and

Baldwin, J. concur.

EEW/rw