[Cite as *State v. Doughty*, 2022-Ohio-1854.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| | | Hon. Craig R. Baldwin |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | | |
| | : | |
| JAMES R. DOUGHTY | : | Case No. 2020 CA 00001 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      On remand from the Supreme Court of Ohio, Case No. 2021-0458

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      June 2, 2022

APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. FLAUTT
111 North High Street
P.O. Box 569
New Lexington, OH 43764-0569

For Defendant-Appellant

ADDISON M. SPRIGGS
250 East Broad Street
Suite 1400
Columbus, OH 43215

*Wise, Earle, P.J.*

{¶ 1}   This matter is before us on remand from the Supreme Court of Ohio. In Defendant-Appellant James Doughty's direct appeal, *State v. Doughty*, 5th Dist. Perry No. 2020-CA-00001, 2021-Ohio-651, we declined to address his second assignment of error which challenged the constitutionality of the Reagan Tokes Act as we found the challenges were not ripe for review. In *State v. Maddox*, slip opinion No. 2022-Ohio-764, however, the Supreme Court of Ohio found constitutional challenges to the Reagan Tokes Act are ripe for review on direct appeal. We therefore herein address Doughty's second assignment of error.[1]

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   A recitation of the underlying facts in this matter is unnecessary for our resolution of this matter.

{¶ 3}   Following convictions for three counts of domestic violence, two counts of felonious assault, four counts of violating a protection order, and one count of aggravated menacing, Doughty was sentenced pursuant to the Reagan Tokes Act to 14 to 17.5 years incarceration. On direct appeal, Doughty challenged this indefinite prison term in his second assignment of error which we declined to address, finding it was not ripe for review. The assignment of error left unaddressed is as follows:

II

{¶ 4}   "BECAUSE THE REAGAN TOKES ACT VIOLATES THE OHIO AND UNITED STATES CONSTITUTIONS, MR. DOUGHTY'S SENTENCE IS CONTRARY

---

[1] We have previously addressed Doughty's remaining assignment of error in our original opinion and will not revisit that assignment of error.

TO LAW. R.C.2953.08(G)(2); SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITES STATES CONSTITUTION; ARTICLES I, II, AND III OF THE UNITED STATES CONSTITUTION; ARTICLE I, SECTIONS 5, 10 AND 16 OF THE OHIO CONSTITUTION."

{¶ 5} In his second assignment of error, Doughty challenges the constitutionality of the Regan Tokes Act. Specifically, Doughty argues it violates his constitutional rights to trial by jury, equal protection, and due process of law, and further violates the constitutional requirement of separation of powers by permitting the Ohio Department of Rehabilitation and Corrections to potentially add additional time to appellant's sentence based upon his behavior in the institution. We disagree.

{¶ 6} Recently, in *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, we set forth this Court's position on Doughty's arguments:

> For the reasons stated in the dissenting opinion of The Honorable W. Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in Wolfe as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, Sixth, and Twelfth Districts, and also by the Eighth District sitting en banc. See, e.g., *State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-

Ohio-4153; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Further, we reject Appellant's claim the Reagan Tokes Act violates equal protection for the reasons stated in *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353.

{¶ 7} Based on the forgoing authority, Doughty's second assignment of error is overruled.

{¶ 8} The judgment of the Perry County Court of Common Pleas is affirmed.

By Wise, Earle, P.J.

Delaney and

Baldwin, J. concur

EEW/rw