[Cite as *State v. Ludwig*, 2022-Ohio-2350.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| | | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | |
| -vs- | | |
| | : | |
| TODD LUDWIG | : | Case No. CT2020-0008 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           On remand from the Supreme Court
                                   of Ohio, Case No. 2021-0383




JUDGMENT:                          Affirmed




DATE OF JUDGMENT:                  July 5, 2022




APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

TAYLOR BENNINGTON                  CHRISTOPHER BRIGDON
27 North Fifth Street              8138 Somerset Rd.
P.O. Box 189                       Thornville, OH 43076
Zanesville, OH  43702

*Wise, Earle, J.*

{¶ 1}   This matter is before this court on remand from the Supreme Court of Ohio. In Defendant-Appellant Todd Ludwig's direct appeal, *State v. Ludwig*, 5th Dist. No. CT2020-0008, 2021-Ohio-383,[1] we declined to address his first assignment of error which challenged the constitutionality of the Reagan Tokes Act, and his second assignment of error regarding trial counsel's failure to challenge the Act, as we found the challenges were not ripe for review. In *State v. Maddox*, slip opinion No. 2022-Ohio-764, however, the Supreme Court of Ohio found constitutional challenges to the Reagan Tokes Act are ripe for review on direct appeal. We therefore herein address Ludwig's' first assignment of error and second assignments of error.[2]

FACTS AND PROCEDURAL HISTORY

{¶ 1}   A recitation of the underlying facts in this matter is unnecessary for our resolution of this appeal.

{¶ 2}   On May 16, 2019, the Muskingum County Grand Jury returned an indictment charging Ludwig as follows:

{¶ 3}   Count one – trafficking in drugs (methamphetamine) a felony of the first degree;

{¶ 4}   Count two – possession of drugs (methamphetamine) a felony of the second degree;

{¶ 5}   Count three – engaging in a pattern of corrupt activity, a felony of the second degree; and

---

[1] Judge W. Scott Gwin concurring in part and dissenting in part.
[2] We have previously addressed Ludwig's remaining assignment of error in our original opinion and will not revisit that matter.

{¶ 6}   Count four – possession of criminal tools, a felony of the fifth degree.

{¶ 7}   Counts one through four contained various firearm and forfeiture specifications. The forfeiture specifications pertained to cash, real estate, and 18 guns.

{¶ 8}   On September 18, 2019, Ludwig pled guilty to count one of the indictment and the attendant firearm and forfeiture specifications. The state dismissed the balance of the indictment. A sentencing hearing was held on December 18, 2019, following completion of a pre-sentence investigation. The trial court sentenced Ludwig to a mandatory minimum 10-year prison term, and an indefinite term of 15 years pursuant to the Regan Tokes Act.

{¶ 9}   The two assignments of error left unaddressed by this court on direct appeal are as follow:

I

{¶ 10} "AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO."

II

{¶ 11} "TODD LUDWIG RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I

{¶ 12} In his first assignment of error, Ludwig challenges the constitutionality of the Reagan Tokes Act. Specifically, Ludwig argues it violates his constitutional rights to trial

by jury, equal protection and due process of law, and further violates the constitutional requirement of separation of powers by permitting the Ohio Department of Rehabilitation and Corrections to potentially add additional time to Ludwig's sentence based upon his behavior in the institution.  We disagree.

{¶ 13} Recently, in *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, we set forth this Court's position on Ludwig's arguments:

> For the reasons stated in the dissenting opinion of The Honorable W. Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in *Wolfe* as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, Sixth, and Twelfth Districts, and also by the Eighth District sitting en banc. See, e.g., *State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Further, we reject Appellant's claim the Reagan Tokes Act

violates equal protection for the reasons stated in *State v. Hodgkin*,

12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353.

{¶ 14} Based on the forgoing authority, Ludwig's first assignment of error is overruled.

II

{¶ 15} Ludwig's second assignment of error argues Ludwig's trial counsel rendered ineffective assistance by failing to challenge the constitutionality of the Reagan Tokes Act. We disagree.

{¶ 16} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 17} Because we have found the Reagan Tokes Act is constitutional, Ludwig cannot demonstrate prejudice from counsel's failure to raise the claim in the trial court.

{¶ 18} The second assignment of error is overruled.

{¶ 19} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Hoffman, J. concur.

EEW/rw