[Cite as *State v. Russell*, 2022-Ohio-2595.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DALE M. RUSSELL, JR. | : | Case No. 22CA0007 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 20-CR-00259


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 July 28, 2022


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT N. ABDALLA                         WILLIAM T. CRAMER
20 South second Street                    470 Olde Worthington Road
Newark, OH  43055                         Suite 200
                                          Westerville, OH  43082

*Wise, Earle, P.J.*

{¶ 1}  Defendant-Appellant Dale M. Russell, Jr. appeals the judgment of the Licking County Court of Common Pleas convicting him of two counts of felonious assault and sentencing him to an indeterminate term of incarceration of eight to twelve years. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  A recitation of the underlying facts is unnecessary to our resolution of this appeal.

{¶ 3}  Russell was indicted on two counts of felonious assault. Count one alleged assault with use of a deadly weapon, and count two alleged felonious assault resulting in serious physical harm. Russell was found guilty of both counts following a jury trial. The trial court proceeded directly to sentencing and imposed concurrent indeterminate prison terms of eight to twelve years on each count.

{¶ 4}  Russell timely appealed and argued in part that the trial court erred by sentencing him on both counts of felonious assault in its judgment entry because it did not sentence him on both counts during the actual sentencing hearing. *State v. Russell*, 5th Dist. Licking No. 2021 CA 0026, 2021-Ohio-3982 ¶ 28.

{¶ 5}  Upon review, we concluded that both felonious assault charges were committed through a single criminal act with single state of mind, and were therefore allied offenses which should have been merged. We further found that the trial court committed plain error in failing to merge the offenses for sentencing and remanded the matter for resentencing. *Id.* ¶ 36.

{¶ 6}   On remand, the state elected to proceed to sentencing on count two and the trial court imposed the same indeterminate sentence of eight to twelve years.

{¶ 7}   Russell filed an appeal, and the matter is now before this court for review. He raises two assignments of error as follow:

I

{¶ 8}   "INDEFINITE PRISON TERMS IMPOSED UNDER THE REAGAN TOKES LAW VIOLATE THE JURY TRIAL GUARANTEE, THE DOCTRINE OF SEPARATION OF POWERS, AND DUE PROCESS PRINCIPLES UNDER THE FEDERAL AND STATE CONSTITUTIONS."

II

{¶ 9}   "APPELLANT WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE FEDERAL AND STATE CONSTITUTIONS WHEN TRIAL COUNSEL FAILED TO ARGUE THAT THE REAGAN TOKES LAW IS UNCONSTITUTIONAL."

I

{¶ 10} In his first assignment of error, Russell challenges the constitutionality of the Reagan Tokes Act. Specifically, Russell argues it violates his constitutional rights to trial by jury, equal protection and due process of law, and further violates the constitutional requirement of separation of powers by permitting the Ohio Department of Rehabilitation and Corrections to potentially add additional time to appellant's sentence based upon his behavior in the institution. We disagree.

{¶ 11} As an initial matter, we note Russell raises Tokes challenge for the first time in this appeal, even though he was sentenced to an indefinite term of incarceration

pursuant to the Reagan Tokes Act during his first sentencing hearing. Russell therefore could have raised his Tokes challenges in his first appeal, but failed to do so.

{¶ 12} In *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967), the Ohio Supreme Court stated:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

{¶ 13} Because Russell could have raised his challenge to the Reagan Tokes Act in his initial appeal, but failed to do so, the matter is now barred. But even if that were not true, in *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, we set forth this court's position on Russell's arguments:

> For the reasons stated in the dissenting opinion of The Honorable W. Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in *Wolfe* as the

opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, Sixth, and Twelfth Districts, and also by the Eighth District sitting en banc. See, e.g., *State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Further, we reject Appellant's claim the Reagan Tokes Act violates equal protection for the reasons stated in *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353.

{¶ 14} Based on the forgoing, Russell's first assignment of error is overruled.

II

{¶ 15} Russell next argues his trial counsel rendered ineffective assistance by failing to challenge the constitutionality of the Reagan Tokes Act. We disagree.

{¶ 16} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable

probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 17} Because we have found Russell's Tokes challenge is barred in this proceeding, and further, because we have previously found the Reagan Tokes Act is constitutional, Russell cannot demonstrate prejudice from counsel's failure to raise the claim in the trial court.

{¶ 18} The second assignment of error is overruled.

{¶ 19} The judgment of the Licking County Court of Common Pleas is affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Baldwin, J. concur.

EEW/rw