[Cite as *State v. Kay*, 2022-Ohio-3538.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| EDDIE JAMES KAY | : | Case No. 2022 CA 00020 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Court of Common
Pleas, Case No. 2021 CR 1579


JUDGMENT:  Affirmed


DATE OF JUDGMENT:  October 3, 2022


APPEARANCES:

For Plaintiff-Appellee

KYLE STONE
PROSECUTING ATTORNEY
STARK COUNTY, OHIO

BY: TIMOTHY E. YAHNER
    110 Central Plaza South, Suite 510
    Canton, OH  44702-1413

For Defendant-Appellant

D. COLEMAN BOND
116 Cleveland Avenue NW
Canton, OH  44702

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant Eddie James Kay appeals the January 14, 2022 judgment of conviction and sentence of the Stark County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 17, 2021, Canton Police Detective Scott Jones was working with Jackson Township Agent Luke Shanklin. Both officers are members of the Stark County Narcotics Unit Task Force. That evening the two were working a directed patrol operation focusing on problematic bars in Jackson Township, Canton, and Canton Township.

{¶ 3}   At approximately 2:30 a.m., the officers began following a pickup truck leaving The Cove, an after-hours bar which has been the scene of drug activity and gun violence.  It was raining at the time. As the officers followed the truck on Route 30 East, a lighted highway, they noticed the rear plate light on the truck did not appear to be illuminated. To be sure of their initial observation, Jones turned off the cruiser's headlights and confirmed the rear license plate was not illuminated.

{¶ 4}   Based on the lack of rear plate illumination, the officers initiated a traffic stop. Without further examining the rear plate light, Detective Jones approached the passenger side of the truck and Agent Shanklin approached the driver's side.

{¶ 5}   Appellant was seated on the passenger side of the truck. Detective Jones asked him to open his window. Immediately upon observing the interior of the vehicle, Jones could see a glass mason jar tucked between appellant and the center console of the truck. The jar appeared to contain marijuana. Advised why they were pulled over, appellant stated he believed the plate light was operable. Jones advised the light was not

visible when they were pulled over. The truck was searched and drugs and a weapon were discovered.

{¶ 6} On August 19, 2021, the Stark County Grand Jury returned an indictment charging appellant with one count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A)/(C)(11)(f), one count of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2)/(C)(9)(g); one count of possession of cocaine in violation of R.C. 2925.11(A)/(C)(4)(e); one count of trafficking in cocaine in violation of R.C. 2925.03(A)(2)/(C)(4)(f); one count of having weapons under disability in violation of R.C. 2923.13(A)(3)/(B); one count of improperly handing firearms in a motor vehicle in violation of R.C. 2923.16(B); and one count of aggravated possession of drugs in violation of R.C. 2925.11(A)/(C)(1)(a). On August 24, 2021, appellant entered pleas of not guilty.

{¶ 7} On October 27, 2021 appellant filed a motion to suppress evidence obtained during the search of the truck. On November 8, 2021, a hearing was held on the motion wherein the above outlined facts were elicited. On December 22, 2021 the trial court issued its findings of fact and conclusions of law overruling appellant's motion. On December 29, 2021 appellant entered pleas of no contest to the charges and waived a recitation of the facts. Appellant was subsequently sentenced to six to nine years incarceration.

{¶ 8} Appellant timely filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follow:

I

{¶ 9}   "THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO BE FREE OF UNREASONABLE SEARCHES AND SEIZES (sic) UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS."

II

{¶ 10} "THE MODIFICATIONS TO SENTENCING FOR FIRST – AND SECOND-DEGREE FELONIES MADE BY THE REAGAN TOKES ACT VIOLATE THE APPELLANT'S RIGHT TO JURY TRIAL, AS PROTECTED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE CONSTITUTION, AND THE SEPARATION OF POWERS DOCTRINE EMBEDDED IN T HE OHIO CONSTITUTION."

I

{¶ 11} In his first assignment of error appellant argues officers lacked reasonable, articulable suspicion to stop the truck he was riding in. We disagree.

{¶ 12} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); State v. Klein, 73 Ohio App.3d 486, 597 N.E.2d 1141(1991); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726(1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993). Finally,

assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 641 N.E.2d 1172 (1994); *State v. Claytor*, 85 Ohio App.3d 623, 620 N.E.2d 906 (1993); *Guysinger*, supra. As the United States Supreme Court held in Ornelas v. U.S., 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶ 13} When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. See *State v. Dunlap*, 73 Ohio St.3d 308, 314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982).

Traffic Stops

{¶ 14} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). An investigative stop, or Terry stop, is a common exception to the Fourth Amendment warrant requirement. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Because the "balance between the public interest and the individual's right to personal security" tilts in favor of a standard less than probable cause in such cases, the

Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity "may be afoot." *United States v. Brignoni–Ponce,* 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). In *Terry*, the Supreme Court held that a police officer may stop an individual if the officer has a reasonable suspicion based upon specific and articulable facts that criminal behavior has occurred or is imminent. See, *State v. Chatton*, 11 Ohio St.3d 59, 61, 463 N.E.2d 1237 (1984).

{¶ 15} The propriety of an investigative stop must be viewed in light of the totality of the circumstances surrounding the stop "as viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Andrews*, 57 Ohio St.3d 86, 87–88, 565 N.E.2d 1271 (1991); *State v. Bobo*, 37 Ohio St.3d 177, 178, 524 N.E.2d 489 (1988). The Supreme Court of the United States has reemphasized the importance of reviewing the totality of the circumstances in making a reasonable-suspicion determination:

> When discussing how reviewing courts should make reasonable-suspicion determinations, we have said repeatedly that they must look at the "totality of the circumstances" of each case to see whether the detaining officer has a "particularized and objective basis" for suspecting legal wrongdoing. This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that "might well elude an untrained person." Although an

officer's reliance on a mere "hunch" is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard.

{¶ 16} *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002), citing *United States v. Cortez*, 449 U.S. 411, 417-418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).

{¶ 17} Traffic stops based upon observation of a traffic violation are constitutionally permissible. *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12, 1996-Ohio-431, 665 N.E.2d 1091. This Court has held that any traffic violation, even a de minimis violation, may form a sufficient basis upon which to stop a vehicle. *State v. Bangoura*, 5th Dist. No. 08 CA 95, 2009-Ohio-3339, 2009 WL 1916902, ¶ 14, citing *State v. McCormick*, 5th Dist. No.2000CA00204, 2001 WL 111891 (Feb. 2, 2001); *State v. Woods*, 5th Dist. Licking No. 12-CA-19, 2013-Ohio-1136, 2013 WL 1209351, ¶ 60.

{¶ 18} In the instant matter, officers initiated a traffic stop of appellant's vehicle because it did not have proper license plate illumination as required by R.C. 4513.05(A) which states in relevant part:

Either a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate, when such registration plate is required, and render it legible from a distance of fifty feet to the rear. Any tail light, together with any

separate light for illuminating the rear registration plate, shall be so wired as to be lighted whenever the headlights or auxiliary driving lights are lighted, except where separate lighting systems are provided for trailers for the purpose of illuminating such registration plate.

{¶ 19} In relation to the fifty-foot requirement of R.C. 4513.05(A), R.C. 4513.03(A)(3) states in relevant part:

Whenever in such sections a requirement is declared as to the distance from which certain lamps and devices shall render objects visible, or within which such lamps or devices shall be visible, such distance shall be measured upon a straight level unlighted highway under normal atmospheric conditions unless a different condition is expressly stated.

Appellant's Arguments

{¶ 20} Appellant makes three arguments under this assignment of error, specifically that (1) his plate was sufficiently visible because the officers could read it; (2) the officers manufactured reasonable suspicion; and (3) because the atmospheric conditions the night in question were not "normal," the fifty-foot requirement set forth in R.C. 4513.05(A) was inapplicable.

{¶ 21} As to his first argument, appellant points to the testimony of Detective Jones regarding the fact that he was able to read and run the plate on the truck in which he was a passenger without difficulty. Transcript of suppression (T.) at 21. He argues this testimony demonstrates his license plate was sufficiently visible. We first note that while appellant alleges in his brief that the stop took place on a dark highway, the stop took place on a lighted highway and appellant conceded this fact during the suppression hearing. T. 38. Next, simply because the officers were able to read the plate on a lighted highway and assisted by the headlights of their cruiser does not also mean the plate was properly illuminated as required by law. Finally, appellant provides no support for his theory that if a license plate can be read, it need not be properly illuminated. We therefore find no merit in appellant's argument.

{¶ 22} Appellant next argues his Fourth Amendment rights were violated because the officers violated the law in order to manufacture reasonable suspicion when they extinguished the cruiser's headlights. During the suppression hearing, however, Detective Jones testified the officers extinguished the cruiser headlights to confirm their suspicion, not manufacture suspicion. T. 10. To be certain the plate light was not illuminated before stopping the vehicle, the officers extinguished the cruiser's headlights for a second. We do not find this very brief investigative tactic in anyway violated appellant's Fourth Amendment rights. Within this argument, appellant argues Detective Jones failed to testify that he was within 50 feet of appellant's vehicle when he determined the plate light was inoperable. While this is accurate, Jones did testify he able to read the license plate on the truck in order to call it in to dispatch. T. 21. Additionally, the trial court viewed the dash and body camera videos as has this court. The dash camera video clearly shows

the officer's cruiser within 4 and 5 car lengths, or roughly 40 to 50 feet, of the suspect vehicle. We therefore reject appellant's second argument.

{¶ 23} Appellant's final argument is contradictory to his first. He argues the weather the night in question was so inclement as to provide an exception to the fifty-foot visibility requirement set forth in R.C. 4513.05 therefore failing to provide reasonable suspicion to justify a traffic stop. But appellant has already conceded the plate on the vehicle was clearly visible in the rain. Appellant's brief at 10. Moreover, as noted above, we have reviewed the videos. While it was indeed raining the night in question, it was not raining hard enough to impair visibility. We find the weather on the evening in question was within the "normal atmospheric conditions" as referred to in R.C. 4513.03(A)(3).

{¶ 24} The first assignment of error is overruled.

II

{¶ 25} In his second assignment of error, appellant challenges the constitutionality of the Reagan Tokes Act. Specifically, appellant argues it violates his constitutional rights to trial by jury, equal protection and due process of law, and further violates the constitutional requirement of separation of powers. We disagree.

{¶ 26} Recently, in *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, we set forth this Court's position on appellant's arguments:

> For the reasons stated in the dissenting opinion of The Honorable W. Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of

law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in *Wolfe* as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, Sixth, and Twelfth Districts, and also by the Eighth District sitting en banc. See, e.g., *State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Further, we reject Appellant's claim the Reagan Tokes Act violates equal protection for the reasons stated in *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353.

{¶ 27} Based on the forgoing authority, appellant's second assignment of error is overruled.

{¶ 28} The judgment of the Stark County Court of Common Pleas is affirmed.

By Wise, Earle, P.J.

Hoffman, J. and

Baldwin, J. concur.

EEW/rw