[Cite as *State v. Fisher*, 2023-Ohio-1131.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

CHASE FISHER

      Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Patricia A. Delaney, J.

Case No. CT2022-0024

O P I N I O N

CHARACTER OF PROCEEDINGS:      Appeal from the Muskingum County Court of Common Pleas, Case No. CR2021-0601

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      April 3, 2023

APPEARANCES:

For Plaintiff-Appellee

RONALD WELCH
Prosecuting Attorney
Muskingum County, Ohio

JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43702

For Defendant-Appellant

APRIL F. CAMPBELL
Campbell Law, LLC
545 Metro Place South – Suite #100
Dublin, Ohio 43-17

*Hoffman, J.*

**{¶1}** Defendant-appellant Chase Fisher appeals the judgment entered by the Muskingum County Common Pleas Court convicting him following his pleas of guilty to one count of illegal use of a minor in nudity-oriented material or performance (R.C. 2907.323(A)(1)) and one count of disseminating matter harmful to juveniles (R.C. 2907.31(A)(1)), and sentencing him to an aggregate prison term of four to six years incarceration. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant was employed as a sports broadcaster by a local news station, WHIZ. Through his employment, he interacted with female high school students while covering sporting events. Appellant began interacting with the female victim in this case on social media when she was fifteen years old. Appellant eventually asked the victim to be his "sugar baby." Tr. (plea) 14. The victim began to send Appellant nude photographs of herself showing her vagina, breasts, and buttocks. Appellant sent the victim a photograph of his penis. Appellant sent ten payments to the victim through Venmo, totaling $431.70. Appellant discussed the victim's mental health issues with her, and when she tried to cut off communication with Appellant, he told the victim he was going to kill himself.

**{¶3}** Appellant was indicted by the Muskingum County Grand Jury with two counts of illegal use of a minor in nudity-oriented material and two counts of disseminating matter harmful to juveniles. Appellant entered guilty pleas to one count of illegal use of a minor in nudity-oriented material and one count of disseminating matter harmful to juveniles, and the State entered a nolle prosequi of the remaining two charges. The trial court convicted Appellant following his pleas of guilty, and sentenced Appellant to four to

six years incarceration for illegal use of a minor in nudity-oriented material and to twelve months incarceration for disseminating matter harmful to juveniles, to be served concurrently for an aggregate term of four to six years incarceration.  It is from the March 23, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. FISHER'S SENTENCES SHOULD BE REVERSED BECAUSE TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE FAILED TO OBJECT TO FISHER'S INDETERMINATE SENTENCES AS UNCONSTITUTIONAL.

II. FISHER'S SENTENCE SHOULD BE REVERSED, BECAUSE IT WAS GROSSLY DISPROPORTIONATE TO ANOTHER SIMILARLY SITUATED OFFENDER, AND BECAUSE THE TRIAL COURT FAILED TO CONSIDER HIS REHABILITATION.

III. FISHER'S SENTENCE UNDER THE REAGAN TOKES ACT IS UNCONSTITUTIONAL.  THUS, HIS SENTENCE FOR THE SECOND-DEGREE FELONY OFFENSE SHOULD BE REVERSED.

I.

{¶4}  In his first assignment of error, Appellant argues his trial counsel was ineffective for failing to object to the constitutionality of the Reagan Tokes Act, under which he was sentenced.

{¶5}  A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of

ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

{¶6} Because this Court has previously found the Reagan Tokes Act is constitutional, Appellant has not demonstrated a reasonable probability of a change in the outcome had counsel raised the issue in the trial court. *See, e.g., State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, 2022 WL 1439978.

{¶7} The first assignment of error is overruled.

II.

{¶8} In his second assignment of error, Appellant argues his sentence was grossly disproportionate to another similarly situated offender in violation of R.C. 2929.11(B), and the trial court failed to consider the concept of rehabilitation in imposing sentence in violation of R.C. 2929.11(A).

{¶9} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does

not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

{¶10} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

{¶11} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id*. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶12} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 1163 Ohio St.3d 242, 69 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

**{¶13}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, 2021 WL 1714216, ¶¶ 14-16 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶14}** Appellant argues he was a first-time offender who was seeking counseling on his own prior to sentencing, and the trial court did not consider the need for rehabilitating him in imposing the sentence in the instant case. The trial court stated in the sentencing entry it had considered the principles and purposes of sentencing pursuant to R.C. 2929.11. Appellant does not dispute the sentence was within the statutory range and post release control was properly imposed. Pursuant to *Jones*, *supra*, we may not independently weigh the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects the purpose of rehabilitation.

**{¶15}** Appellant also argues his sentence is grossly disproportionate to a two-year sentence imposed in a case in which a female teacher engaged in a sexual relationship with a 17-year-old male student. R.C. 2929.11(B) provides the sentence shall be consistent with sentences imposed for similar crimes on similar offenders. We find Appellant's comparison to the case involving the teacher is not a comparison to a similar crime on a similar offender, as the offenses involved are not the same, and are criminalized in different ways by the legislature, with different applicable sentences. The record does not demonstrate any of the specific facts underlying the teacher's case other than the age of the victim, and does not reflect the identity of the exact crime of which she

was convicted.  Appellant argued to the trial court he believed a teacher having sexual relations with a student was a "worse offense" than receiving nude pictures from a minor; however, he did not demonstrate the offenses were legally similar.

{¶16}  The second assignment of error is overruled.

III.

{¶17}  In his third assignment of error, Appellant argues the Reagan Tokes Act, under which he was sentenced, is unconstitutional.  For the reasons stated in this Court's opinion in *Householder, supra,* we find the Reagan Tokes Act is constitutional.

{¶18}  The third assignment of error is overruled.  The judgment of the Muskingum County Common Pleas Court is affirmed.

By: Hoffman, J.
Gwin, P.J.  and
Delaney, J. concur